IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY T. ADAMS, | : |
| Plaintiff, *pro se*, | : |
| v. | : C.A. No. 05-248- KAJ |
| DELAWARE PARK, | : |
| Defendant. | : |

### DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Delaware Park, L.L.C. (hereinafter "Delaware Park," or "Defendant") hereby propounds and serves the following written interrogatories to Plaintiff, to be answered under oath and provided to Wendy K. Voss, Esquire, at the offices of Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801, within 30 days after service. These interrogatories are deemed to be continuing. The answers to said interrogatories are to be kept current so as to require further or supplemental answers between the time the interrogatories are served and the time of hearing or trial. If any of the interrogatories cannot be answered in full, they should be answered to the extent possible.

### GENERAL INSTRUCTIONS AND DEFINITIONS

1. You shall supply information responsive to these interrogatories, whether such information is in your direct or indirect possession, custody, or control. If you cannot answer any interrogatory fully, answer the interrogatory to the extent possible and state your inability, and the reason for your inability, to answer the remainder of the question.

2.  If you claim any privilege as to any document covered by these interrogatories, please furnish a list identifying such document, and providing the following information with respect to each:

    (a) a description of the document sufficiently particular to identify it for purposes of a court order;

    (b) the date of the document;

    (c) the number of pages of the document;

    (d) a list of all persons who participated in the preparation of the document;

    (e) a list of all persons who have received or reviewed copies of the document;

    (f) a list of all persons to whom the document was circulated, or its contents communicated; and

    (g) the nature of the protection claimed.

3.  If you claim that the attorney-client privilege or any other privilege applies to any communications other than documents sought by these interrogatories, the response shall include the following information:

    (a) the date or approximate date of the communication;

    (b) a description of the subject matter of the communication;

    (c) each and every person who attended, participated in, or overheard the communication;

    (d) each and every document that relates to the substances of the communication; and

    (e)  the nature of the privilege asserted and any statutes or rules that you contend support your assertion of privilege.

  4.  The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

  5.  "You" and/or "your" refer to the Plaintiff and/or her agents or representatives.

  6.  "Defendant" or "Delaware Park" refers to Delaware Park, L.L.C., its subsidiaries, affiliates, present and former officers, directors and employees, agents and all other persons acting or purporting to act on its behalf.

  7.  "And" and "or" each shall refer to both a disjunctive and conjunctive, and each occurrence of either term shall be read as "and/or", as required to make a request or interrogatory inclusive rather than exclusive.

  8.  The use of a plural form shall include the singular form and the use of the singular form shall include the plural form as required to make a request inclusive rather than exclusive.

  9.  Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

  10.  "Identify," when referring to a natural person, shall mean to state the person's full name, present or last known home address and telephone number, and present or last known business address and telephone number.

  11.  "Identify," when referring to a document and/or written communication, shall mean to provide a description of the document sufficiently particular to identify it, the date of the document, the number of pages of the document, a list of all persons who participated in

the preparation of the document, a list of all persons who have received or reviewed copies of the document, a list of all persons to whom the document was circulated, or its contents communicated, and the current location of the document.

12. "Employment Period" shall refer to the period from April 5, 2002 until December 19, 2002, during which time you were employed by Delaware Park

## INTERROGATORIES

1. Identify with particularity the physical or mental impairment you suffer (suffered) from that you contend is a disability.

**RESPONSE:**

2. Identify with particularity the duration of the impairment referred to in your response to Interrogatory Number 1.

**RESPONSE:**

3. State the name and address of any and all physicians, counselors or other persons who have been consulted by, attended, examined, or treated you during the period of April 5, 2000 to the present, including but not limited to medical doctors, nurses, psychiatrists, psychologists, counselors, members of the clergy, any hospitals, substance-abuse programs, clinics, and the like.

**RESPONSE:**

4. Identify with particularity any open positions to which you claim you should have been promoted during your Employment Period.

**RESPONSE:**

5. Identify by date all performance reviews you received during your Employment Period.

**RESPONSE:**

6. Identify with particularity the grounds for your claim of quid pro quo sexual harassment, including all sexual advances or other conduct you claim were directed at you, the name of the individual(s) making such advances, and the date(s) of such advances.

**RESPONSE:**

7. Identify with particularity the conduct that occurred at Delaware Park that you believe created a hostile work environment, including the date(s) upon which the conduct occurred and the individual(s) that engaged in the conduct.

**RESPONSE:**

8. Identify all inquiries or applications for employment you made during the period December 19, 2002 through the present, and for each inquiry or application identify the following:

    a. The entity to which the inquiry or application was made;

    b. The date and manner of such contacts; and

    c. Whether an offer of employment resulted from such contact or inquiry.

**RESPONSE:**

9. Identify the employer and dates of employment for any work you performed during the period December 19, 2002 through the present.

**RESPONSE:**

10. As to any employment identified in your response to Interrogatory Number 9, state the total amount of compensation you received for such employment.

**RESPONSE:**

11. Identify the source and amount of any income (other than that identified in your response to Interrogatory Number 10) that you received during the period December 19, 2002 through the present.

**RESPONSE:**

          POTTER ANDERSON & CORROON LLP

          By: /s/ Suzanne M. Hill
          Wendy K. Voss (#3142)
          Suzanne M. Hill (#4414)
          Hercules Plaza 6th Floor
          1313 N. Market Street
          P.O. Box 951
          Wilmington, DE 19899
          (302) 984-6000

          *Attorneys for Defendant Delaware Park, L.L.C.*

Dated: September 13, 2005
PA&C 696852v1