IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY T. ADAMS,          : | |
| : | |
| Plaintiff, *pro se,*      : | |
| : | |
| v.                        : | C.A. No. 05-248- KAJ |
| : | |
| DELAWARE PARK,            : | |
| : | |
| Defendant.                : | |

## DEFENDANT'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Delaware Park, L.L.C. ("Delaware Park," or "Defendant"), hereby requests that Plaintiff produce for inspection and copying to Wendy K. Voss, Esquire, at the offices of Potter Anderson & Corroon LLP, 1313 North Market Street, Wilmington, Delaware 19801, within 30 days after service of this request, the documents designated below.

## GENERAL INSTRUCTIONS AND DEFINITIONS

1.  In responding to this request for production of documents, you are requested to furnish all documents that are in your possession, custody or control, including information in the possession of your attorneys or other persons directly or indirectly employed or retained by you, or connected with you or your attorneys, or anyone else acting on your behalf or otherwise subject to your control.

2.  If you cannot respond to any document request in full, you should respond to the fullest extent possible, explain why you cannot respond to the remainder, and describe the nature of the documents that you cannot furnish.

3.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

4.    "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way. Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or interoffice communications; circulars, bulletins; manuals; results of investigations; progress reports; analyses; projections; studies made by or for any business or personal use; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic, electronic, physical or other form); computer disks; audio or video recordings; job or transaction files; appointment books; books; records, copies, extracts and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

5.    "Communication" or "communications" means any type of oral, written or visual contact(s) between two or more persons in which information, facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example and without limitation, personal conversations, telephone conversations, letters, electronic mail messages, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

6. "Relating to" or "relates to" means consisting of evidencing, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

7. "And" and "or" each shall refer to both a disjunctive and conjunctive, and each occurrence of either term shall be read as "and/or", as required to make a request or interrogatory inclusive rather than exclusive.

8. The use of a plural form shall include the singular form and the use of the singular form shall include the plural form as required to make a request inclusive rather than exclusive.

9. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

10. If any document requested was at one time in existence, but is no longer in existence, your sworn response must state for each document:

    (a) the type of document;

    (b) the date upon which it ceased to exist;

    (c) the circumstances under which it ceased to exist;

    (d) the name, address, and telephone number of each person having knowledge of the circumstances under which it ceased to exist; and

    (e) the name, address and telephone number of each person having knowledge of the contents thereof.

## **PRIVILEGED MATERIAL**

For any documents withheld on grounds of privilege, or any other grounds, please provide a written response with the following information:

    1.    a description of the document sufficiently particular to identify it for purposes of a court order;

    2.    the date of the document;

    3.    the number of pages of the document;

    4.    a list of all persons who participated in the preparation of the document;

    5.    a list of all persons who have received or reviewed copies of the document;

    6.    a list of all persons to whom the document was circulated, or its contents communicated; and

    7.    the nature of the protection claimed.

## DOCUMENTS REQUESTS

1. Any and all documents identified in or reviewed in preparation for your responses to Defendant's First Set of Interrogatories Directed to Plaintiff.

**RESPONSE:**

2. Any and all documents evidencing or relating in any way to your claim that Defendant discriminated against you on the basis of a disability.

**RESPONSE:**

      3.     Any and all documents evidencing or relating in any way to your claim that Defendant discriminated against you on the basis of your gender.

**RESPONSE:**

      4.     Any and all documents evidencing or relating in any way to your claim that Defendant failed to promote you.

**RESPONSE:**

      5.     Any and all documents evidencing or relating in any way to your claim that you were given unfair work performance evaluations.

**RESPONSE:**

      6.     Any and all documents evidencing or relating in any way to your claim that you were subjected to quid pro quo sexual harassment.

**RESPONSE:**

      7.     Any and all documents evidencing or relating in any way to your claim that you were subjected to a hostile work environment.

**RESPONSE:**

      8.     Any and all documents evidencing or relating in any way to your employment with or claims against Delaware Park.

**RESPONSE:**

      9.     Any and all documents evidencing or relating in any way to your alleged damages.

**RESPONSE:**

      10.     Any and all documents evidencing or relating in any way to your claim that you suffer (suffered) from a physical or mental impairment, including, but not limited to, medical, psychiatric, psychological, and hospital records.

**RESPONSE:**

11. Any and all documents evidencing compensation you received for work performed during the period December 19, 2002 through the present.

**RESPONSE:**

12. Any and all documents evidencing or relating to employment benefits provided to you for work performed during the period December 19, 2002 through the present.

**RESPONSE:**

13. Any and all documents evidencing or relating to any other income received by you during the period December 19, 2002 through the present.

**RESPONSE:**

14. Any and all documents related to your inquires regarding or applications for employment during the period from December 19, 2002 through the present.

**RESPONSE:**

15. Your state and federal tax returns for the year 2000 through the present.

**RESPONSE:**

16. The complete file(s) of any and all expert witnesses retained by you and expected to testify at trial, including any expert reports, documents provided to said experts by you, documents reviewed by said experts, and any documents or drafts created by said experts.

**RESPONSE:**

17. Any and all documents evidencing or relating to communications between you and the Delaware Department of Labor or the Equal Employment Opportunity Commission concerning Delaware Park.

**RESPONSE:**

POTTER ANDERSON & CORROON LLP

By: /s/ Suzanne M. Hill
Wendy K. Voss (#3142)
Suzanne M. Hill (#4414)
Hercules Plaza 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000

*Attorneys for Defendant Delaware Park, L.L.C.*

Dated:  September 13, 2005
PA&C 696852v1