# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY T. ADAMS, | ) |
| | ) |
| PLAINTIFF, *pro se* | ) |
| | ) |
| V. | ) C.A. No. 05-248 (KAJ) |
| | ) |
| DELAWARE PARK, | ) |
| | ) |
| DEFENDANT. | |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO THE DEFENDANT

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff, Ashley T. Adams (hereinafter "Plaintiff" or "Adams") hereby propounds and serves the following written Interrogatories to Defendant, to be answered under oath and provided to Ashley T. Adams, 716 North Barrett Lane, Christiana, DE 19702, within 30 days after service. These Interrogatories are deemed to be continuing. The answers to said Interrogatories are to be kept current so as to require further or supplemental answers between the time the Interrogatories are served and the time of hearing or trial. If any of the Interrogatories cannot be answered in full, they should be answered to the extent possible.

## INSTRUCTIONS AND DEFINITIONS

A.  Plaintiff hereby makes demand that the Defendant answer the following Interrogatories pursuant to the Delaware Rules of Civil Procedure for the Court of Common Pleas, Rule No. 33.

These Interrogatories must be answered as provided in Delaware Rule No. 33 and the Answers must be served on all other parties within thirty (30) days after the Interrogatories are deemed served.

These Interrogatories are deemed to be continuing as to require the filing of Supplemental Answers promptly in the event Defendant or their representatives (including counsel) learn additional facts not set forth in its original Answers or discover that information provided in the Answers is erroneous. Such Supplemental Answers may be filed from time to time, but not later than 30 days after such further information is received, pursuant to Delaware Rule No. 33.

These Interrogatories are addressed to you as a party to this action; your answers shall be based upon information known to you or in the possession, custody or control of you, your attorney or other representative acting on your behalf whether in preparation for litigation or otherwise.

In answering these Interrogatories, you are required to furnish all information that is available to you or subject to reasonable inquiry by you, including information in your possession or the possession of your attorneys, advisers, or other persons directly or indirectly employed by or connected with you or your attorneys and anyone else otherwise subject to your control. The fact that investigation is continuing or that discovery is not complete shall not be used as an excuse for failure to answer each interrogatory as completely as possible. The omission of any name, fact, or

other item of information from the Answers shall be deemed a representation that such name, fact, or other item was not known to Defendant, their counsel, or other representatives at the time of service of the Interrogatories.

You shall supply information responsive to these Interrogatories, whether such information is in your direct or indirect possession, custody, or control. If you cannot answer any Interrogatory fully, answer the Interrogatory to the extent possible and state your inability, and the reason for your inability, to answer the remainder of the question.

If you claim any privilege as to any document covered by these Interrogatories, please furnish a list identifying such document, and providing the following information with respect to each:

    a. a description of the document sufficiently particular to identify it for purposes of a court order;

    b. the date of the document;

    c. the number of pages of the document;

    d. a list of all persons who participated in the preparation of the document;

    e. a list of all persons who have received or reviewed copies of the document;

    f. a list of all persons to whom the document was circulated, or its contents communicated; and

    g. the nature of the protection claimed.

B. For purposes of these Interrogatories:

    1. "You" and/or "your" refer to the Defendant.

    2. "Plaintiff" or "Adams" refers to Ashley T. Adams.

3. "And" and "or" each shall refer to both a disjunctive and conjunctive, and each occurrence of either term shall be read as "and/or", as required to make a request or Interrogatory inclusive rather than exclusive.

4. The use of a plural form shall include the singular form and the use of the singular form shall include the plural form as required to make a request inclusive rather than exclusive.

5. "Document" means any written, printed, typed, recorded or other graphic matter of any kind or nature, including drafts and copies bearing notations or marks not found on the original; including but not limited to all memoranda, reports, financial reports, notes, letters, envelopes, telegrams, e-mails, other electronic data, messages (including reports, notes and memoranda of telephone conversations and conferences), studies, analysis, books, articles, magazines, newspapers, booklets, circulars, bulletins, notices, instructions, minutes of all other communications of any type, including inter- and intra-office communications, purchase orders, questionnaires and surveys, blueprints, plans, charts, graphs, tapes or other recordings, punch cards, magnetic tapes, discs, data cells, drums, print-outs and other data compilations from which information can be obtained (translated, if necessary, by Defendant into usable form).

6. Except where otherwise specifically defined in the text of the particular interrogatory, the word "identify" shall have the following meaning:

   a. As used herein "identify" or "identity", when used in reference to a document, means to state:

       1)     Date and author or addressor;

       2)     Type of document (e.g., letter, memoranda, telegram, chart, etc.) or some other means of identifying it;

       3)     The subject matter of said document;

       4)     The recipients of all copies of said documents; and

       5)     Its present location or custodian including the address where such document may be found. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it.

In lieu of stating items (3) and (5), Defendant may furnish simultaneously with the service of Answers to these Interrogatories, such documents for inspection and copying by Plaintiff.

    b.     As used herein "identify" or "identity" used in reference to a firm, partnership, association or corporation means to state its business name and present address, the names and present addresses of the principal owners, participants, partners, officers and/or employees and its present telephone number.

    c.     As used herein "identify" or "identity" used in reference to an individual person means to state his full name, current address and telephone number, occupation and place of employment.

7.     "Person" means any person or persons, business, company, partnership, firm, distributor or other entity.

    8.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

C.  If any information called for by any Interrogatory herein is withheld because you claim that such information is contained in a privileged document and/or communication, for each such written document or communication state:

    1)    Its date and type (e.g., letter or memorandum);

    2)    Its author;

    3)    The identity of the addressee;

    4)    The identity of all other persons who have received, copied or otherwise have been permitted to see all or part of the original or any copy thereof;

    5)    A description of each subject matter discussed, described or referred to therein;

    6)    The name of its present custodian.

    7)    These interrogatories require supplementation, pursuant to Rule 33 of the Delaware Rules of Civil Procedure for the Court of Common Pleas.

D.  **Answer** may be appended to additional paper if necessary, typed or legibly handwritten.

## FIRST SET OF INTERROGATORIES
## TO BILL FASEY IN
## ASHLEY T. ADAMS VS. DELAWARE PARK et al.

### INTEROGATORIES

**Interrogatory No. 1.:**   State your name and address.

ANSWER:

**Interrogatory No. 2.:** . Identify your current job position, the length of time in which you have held this position and the responsibilities required of your job.

ANSWER:

**Interrogatory No. 3.:** Identify all educational and work requirements of your job.

ANSWER:

**Interrogatory No. 4.:** Identify each and every job position you have held at Delaware Park from your start of employment to present.

ANSWER:

**Interrogatory No. 6.:** Identify your salary history, indicating the date and amount of any salary increase, from your start of employment to present.

ANSWER:

**Interrogatory No. 7.:** Identify all information services conferences that you attended pertaining to Ashley T. Adams, the Plaintiff in this action. For each conference, identify:

(a) The date of the conference;

(b) The location of the conference, and;

(c) The subject matter of the conference.

ANSWER:

**Interrogatory No. 8.:** Identify the date upon which you prepared the 2002 Annual Performance Appraisal of Ashley T. Adams. Identify all facts and information upon which you relied in preparing the 2002 Annual Performance Appraisal.

ANSWER:

**Interrogatory No. 9.:** Identify all facts and information upon which you based the following:

    (a) Job description change of Auditor for Ashley T. Adams in 2002;

    (b) Mandatory (company paid) seminars and/or CIA Certification;

    (c) Salary increases for Ashley T. Adams in 2002.

Describe requirements and if/if not Plaintiff, Ashley T. Adams attended any seminars, why/why not, if she was approved/denied request for reimbursement for CIA certification, why/why not, any salary increases, why/why not.

    ANSWER:

---

**Interrogatory No. 10.:** Identify any conversations, in person or via e-mail communication, or any other communication, that you participated in with or concerning the Plaintiff. For each conversation identify:

    (a) The names and addresses of all persons who were present when each statement was made;

    (b) The names and addresses of each person you intend to call as a witness and provide a summary of the witnesses' proposed testimony;

    (c) A summary of the oral conversations and a true copy of all written statements.

    ANSWER:

**Interrogatory No. 11.:** Identify all projects assigned to Ashley T. Adams. For each project identify: (a) The date on which she was assigned; (b); the date on which the project was terminated; (c) The job responsibilities of the project that were assigned to Ashley T. Adams.

ANSWER:

**Interrogatory No. 12:** Do you claim that any admissions were made concerning the liability in connection with the alleged subject matter of this complaint? If so, state the following:

(a) The names and addresses of person making admission;

(b) The date, time and place where each such admission was made;

(c) The name and address of all parties present at the time each admission was made;

(d) Provide an exact description of what was said by each person claimed to have made an admission.

ANSWER:

**Interrogatory No. 13.:** Have you or any persons on your behalf obtained any statements concerning the subject matter of this complaint, injuries or damages from any individuals, parties or witnesses? If so, please state:

(a) The name and address of each person from such statement was taken;

(b) Whether such statement contained such facts concerning the subject matter, place, time or cause of the happening of the accident;

(c) When and where said statements were taken and whose possession each statement is now;

(d) By whom such statements were taken, the address of said person or persons and by whom said person or persons were employed.

ANSWER:

**Interrogatory No. 14.:** State the name and address of each expert witness expected to testify at trial. For each expert witness:

(a) State the subject matter upon which each of the proposed expert witnesses is expected to testify;

(b) State the substance of the facts and opinions to which the expert is expected to testify;

(c) Provide a summary of the grounds for each opinion;

(d) Provide a summary of the qualifications of each expert witness;

(e) Attach copies of any and all written reports.

ANSWER:

**Interrogatory No. 15.:** Does the Defendant allege that any other person or parties were responsible for the Plaintiff's injuries? If so, please set forth the names and addresses thereof and the factual circumstances for this allegation.

ANSWER:

**Interrogatory No. 16.:** Identify all records consulted in answering these interrogatories. Attach a copy of all records consulted.

ANSWER:

**Interrogatory No. 17.:** During the past ten years, has any EEOC or Civil Rights claim or suit been filed against the defendants, alleging discrimination in the terms and conditions of employment on the basis of race, sex or age, or hostile working environment? If the answer is yes, state with reference to each claim filed against the Defendants:

a) the name, address, sex, age, and race of the person who filed the claim;

b) the employment history with the Defendant of the person who filed the claim, including job titles and dates;

c) the date the claim was filed;

d) a summary of the claim filed;

e) a description of all action taken by the Defendant as a result of the filed claim.

ANSWER:

**Interrogatory No. 18.:** Has any internal grievance been filed within the last ten (10) years against the Defendants alleging age, sex, or race discrimination, or hostile working environment? If the answer is yes, state with reference to each claim filed against the Defendant:

a) the name, address, sex, race, and age of the person who filed the claim;

b) the employment history with the Defendant of the person who filed the claim, including job titles and dates;

c) the date the claim was filed;

d) a summary of the claim filed;

e) description of all action taken by the Defendants as a result of the filed claim.

   ANSWER:

**Interrogatory No. 19.:** Identify the individual who drafted the Employee Performance Review and Evaluation for the Plaintiff dated August 2002. During the Performance period, where any changes made to the original Employee Performance Review and Evaluation; if so, state why.

   ANSWER:

**Interrogatory No. 20.:** Please provide the 2002 Employee Performance Review and Evaluations for Ashley T. Adams and Sherri Griffith.

   PROVIDE COPIED DOCUMENTS:

**Interrogatory No. 21.:** Identify the date upon which the Plaintiff received and the date the document entitled Employee Performance Review and Evaluation August 2002 was prepared.

ANSWER:

**Interrogatory No. 22.:** On December 03, 2002, Lawrence Anderson, Director of Audit Services was required to make a statement to the allegations concerning Plaintiff in a Department of Labor, EEOC investigation initiated by Plaintiff. Two days later, Plaintiff was terminated in her position at Delaware Park, by Larry Anderson. Describe the correlation between the time of the Statement made by Lawrence Anderson and the termination of Plaintiff's employment.

ANSWER:

**Interrogatory No. 23.:** If not for retaliation against Plaintiff, why after the conclusion of the investigation, would Lawrence Anderson decide it was time to directly address the Plaintiff's work schedule.

ANSWER:




**Interrogatory No. 24.:** Mr. Lawrence Anderson refers to the Audit Services department fourth quarter being the busiest time of the year for the Auditors. Upon completion of the scheduled audits, Plaintiff was terminated in December 2002. Explain the timelines that conveniently utilized the Plaintiff's service in performing audits necessary in the fourth quarter, but no need to continue Plaintiff's employment after the fourth quarter.

ANSWER:

**Interrogatory No. 25.:** Identify all persons who you or your attorney have contacted, or from whom you or your attorney have either obtained or requested a statement, regarding the allegations of the complaint of Ashley T. Adams in this action by stating their name, address, last known work and home telephone numbers, their sex and race.

ANSWER:

**Interrogatory No. 26.:** Identify any complaints or charges of sexual harassment, sexual battery or sexual assault, either of a civil or criminal nature, which have been made against you or any employee of yours; include the name and address of the complainant, the date of each complaint or charge, the case or docket number, and its final disposition (or current status if still pending).

ANSWER:

**Interrogatory No. 27.:** State your defenses to this lawsuit and all facts that support or may tend to support each of the defenses.

ANSWER:

**Interrogatory No. 28.:** Identify all persons who have knowledge of facts which support or may tend to support your defense(s) and provide a summary of the facts or information in each such person's possession which supports or may tend to support your defense(s).

ANSWER:

**Interrogatory No. 29.:** Identify all persons who participated in answering these interrogatories.

ANSWER:

**Interrogatory No. 30.:** Please provide ALL EMPLOYMENT RECORDS (current or past) to contain location, addresses, telephone numbers, performance reviews, notes and documents referencing the Complaint filed by Ashley T. Adams for Jim Mullin, Lawrence Anderson, Nancy Mysko, Sherri Griffin, Micki Nardo, Bill Fasey, Joe Rudisill, Shannon DeLucia and Ashley T. Adams.

PROVIDE COPIED DOCUMENTS:

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ASHLEY T. ADAMS, | ) |
| | ) |
| PLAINTIFF, *pro se* | ) |
| | ) |
| V. | ) C.A. No. 05-248 (KAJ) |
| | ) |
| DELAWARE PARK, | ) |
| | ) |
| DEFENDANT. | |

### CERTIFCATE OF SERVICE

I herby certify that I have this 20th day of September, 2005 served the foregoing Interrogatories to the Defendant upon the following via first class main and addressed as follows:

Potter & Anderson Corroon LLP

Wendy Voss, Attorney for the Defendant

1313 North Market Street

Wilmington, DE  19801

*Ashley T Adams*

Ashley T. Adams

Plaintiff, *pro se*