## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ASHLEY T. ADAMS,          )
                          )
         Plaintiff,     )
                          )
       v.         )     Civil Action No. 05-248 (KAJ)
                          )
DELAWARE PARK,        )
                          )
         Defendant.    )

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Delaware Park, LLC ("Delaware Park" or the "Company") hereby submits its responses and objections to the Plaintiff's First Set of Interrogatories Directed to the Defendant, pursuant to Rules 26 and 33, of the Federal Rules of Civil Procedure.

Delaware Park submits these answers and objections in response to Plaintiff's interrogatories without conceding the relevancy or materiality of the subject matter of any interrogatory or materiality of the subject matter of any interrogatory. Delaware Park expressly reserves the right to object to further discovery into the subject matters of these interrogatories or to object to the introduction into evidence of any information or documents produced in response to these interrogatories. Delaware Park's investigation is continuing, and it reserves the right to supplement any responses as further information is recalled or discovered.

## GENERAL STATEMENTS AND OBJECTIONS

1.     Delaware Park's specific objections to each interrogatory are in addition to the general limitations and objections set forth in this section. These limitations and objections form a part of the response to each and every interrogatory answer. Thus, the absence of a reference

to a general objection should not be construed as a waiver of the general objection as to a specific interrogatory.

2.    Delaware Park objects to the interrogatories to the extent that they seek information protected by the attorney-client privilege, work-product doctrine, and/or other applicable privileges or immunities.

3.    Delaware Park objects to the interrogatories to the extent that:

(a)    they seek information that is not within Delaware Park's knowledge, possession, custody or control;

(b)    they seek discovery that is unreasonably cumulative or duplicative, or is obtainable from plaintiff or some other source that is more convenient, less burdensome, or less expensive;

(c)    they may be construed to require responses beyond those required by the Federal Rules of Civil Procedure; and

(d)    they seek information about or contained in documents that no longer exist.

4.    Delaware Park objects to the interrogatories to the extent that they seek information and evidence that is not relevant to, nor reasonably calculated to lead to the discovery of admissible evidence in this litigation.

5.    Delaware Park objects to the interrogatories to the extent that they are vague, ambiguous, overly broad, and do not identify the subject of inquiry with reasonable particularity.

6.    Delaware Park objects to the interrogatories as unduly burdensome and oppressive, especially insofar as they seek information already in Plaintiff's knowledge, possession, custody or control.

7.    Delaware Park objects to the use of "every," "all," "each," "ever," "any," or other similar words of expansion as overly broad, unduly burdensome, and harassing, particularly because, in some cases, the information sought covers an undefined period of time and is unlimited as to subject matter.

8.    Delaware Park objects to Plaintiff's First Set of Interrogatories to the extent they purport to be directed to Bill Fasy, who is not a party to this litigation.  According to Plaintiff's definition of "you" as contained in the interrogatories, the interrogatories are in fact directed to Delaware Park; subject to its general and specific objections, Delaware Park agrees to respond on this basis, to the extent possible.

9.    Delaware Park responds to the following interrogatories, which were identified by Plaintiff as constituting those specific interrogatories constituting the number of permissible interrogatories as ordered by the Court and to which Plaintiff desired a response.  Delaware Park specifically objects to answering any additional interrogatories, which would exceed the number of interrogatories as permitted by the Court.

## RESPONSES TO INTERROGATORIES

Incorporating and without waiving any of the foregoing objections, Delaware Park answers Plaintiffs' interrogatories as follows:

**Interrogatory No. 7:**        Identify all information services conferences that you attended pertaining to Ashley T. Adams, the Plaintiff in this action.  For each conference, identify:

(a)    The date of the conference;

(b)    The location of the conference, and;

(c)    The subject matter of the conference.

3

**RESPONSE:**

Delaware Park objects to this interrogatory on the grounds that it is vague and ambiguous in that it fails to define or explain the term "information services conferences," which term has no clear meaning. Delaware Park further objects on the grounds that the interrogatory is overly broad and unduly burdensome, in that it fails to define those individuals employed by Delaware Park as to whom information is sought or to limit the interrogatory to matters relevant to this litigation, and thus could be read to refer to any conversation or interaction between any of Delaware Park's employees that in any way concerned Plaintiff. Delaware Park also objects to the extent the interrogatory seeks information protected by the attorney client privilege, work product doctrine, or other such privilege.

In an effort to be responsive, and without waiving its objections, Delaware Park will construe "information services conferences" to include conferences and meetings between Plaintiff's supervisors and other management personnel regarding subjects relevant to the allegations in the complaint. Delaware Park states that there were no formal conferences pertaining to Plaintiff. There were many less formal meetings involving Plaintiff and/or her supervisors, Lawrence Anderson and James Mullen, as well as other members of Delaware Park's management; specifically, these other individuals included Shannon DeLucia, Micki Nardo, and Nancy Myshko. These meetings related to various issues and complaints raised by Plaintiff during the course of her employment, Plaintiff's request for medical leave after her automobile accident, Plaintiff's return to work after medical leave, Plaintiff's workplace misconduct and related discipline, and Plaintiff's termination from employment. Subsequent to her termination from employment, Plaintiff met with Ray Spera in regard to the termination.

In addition, Micki Nardo interviewed Plaintiff, Plaintiff's supervisors, several of her co-workers, and those individuals she identified as witnesses in regard to her complaint of

4

sexual harassment by Mr. Mullen. Specifically, these individuals interviewed included Kevin

Bojarski, Lois DeAngelis, Sherri Griffin, Jacki Ruffin, James Mullen, and Lawrence Anderson.

Nancy Myshko also interviewed several individuals in regard to their knowledge (or lack of

knowledge) of the events that led to Plaintiff's termination from employment. These individuals

included Plaintiff, Lawrence Anderson, Rose Benson,  Bill Borecki, Jim Bosco, Nicole Casey,

Tonette Gonzales, Nikki Greenfield, Tara Hoffman, Valencia Norwood, Kim Pugh, Desiree Ray,

Jacki Ruffin, Joe Tanpitukpongse, Colleen Will, and Jeanie Wyatt.

To the extent these interviews were documented, and in lieu of further response,

Delaware Park agrees to produce responsive, non-privileged and non-confidential documents at a

date mutually convenient to the parties.

Such meetings occurred in the Human Resources and/or Audit Services

Departments, in or about the time of the events in question. It is overly burdensome for

Delaware Park to further reconstruct all such meetings related to Plaintiff, especially when she is

already aware of and/or participated in most of the meetings.


**Interrogatory No. 8:**        Identify the date upon which you prepared the 2002 Annual
Performance Appraisal of Ashley T. Adams. Identify all facts and information upon which you
relied in preparing the 2002 Annual Performance Appraisal.

**RESPONSE:**

Delaware Park objects that the interrogatory on the grounds that it is overly broad

and unduly burdensome to the extent it seeks "all facts and information" upon which Plaintiff's

supervisors relied in preparing any performance appraisal. Subject to and without waiving the

foregoing objections, Delaware Park states that a 2002 Annual Performance Appraisal of

Plaintiff was not prepared because Plaintiff did not work for Delaware Park for an entire year.

By way of further response, an Introductory Review of Plaintiff's performance was prepared in

August 2002 and finalized on or about September 25, 2002. In preparing the Introductory

Review, Delaware Park relied upon the evaluation of James Mullen and Lawrence Anderson of

Plaintiff's work performance from her date of hire through the date she was given the

Introductory Review.

**Interrogatory No. 9:**        Identify all facts and information upon which you based the
following:

          (a)     Job description change of Auditor for Ashley T. Adams in 2002;

          (b)     Mandatory (company paid) seminars and/or CIA Certification;

          (c)     Salary increases for Ashley T. Adams in 2002.

        Describe requirements and if/if not Plaintiff, Ashley T. Adams attended any
seminars, why/why not, if she was approved/denied request for reimbursement for CIA
certification, why/why not, any salary increases, why/why not.

**RESPONSE:**

        Delaware Park specifically objects to this interrogatory on the grounds that it is

vague and ambiguous, and unintelligible. Subject to and without waiving the foregoing

objections, Delaware Park states as follows:

        (a) The written job description for Plaintiff's position, Auditor, was revised on or

about August 26, 2002 in conjunction with an overall review and revision of the job descriptions

of all positions in the Audit Services Department. An overall review of the written job

descriptions in Audit Services was prompted by the recruitment process for a Senior IT Auditor.

As a result of this review, Nancy Myshko recommended that the job descriptions for the

following positions be revised to reflect certain long-standing requirements/expectations for the

positions and to conform with other written job descriptions within the Company: (1) Senior

Auditor, (2) Senior IT Auditor, (3) Auditor, and (4) Manager of Audit Services. The written job

descriptions for each of the positions listed above were revised to reflect the following
requirements:

> "Proficiency in Microsoft Office Products. Excellent verbal and written
> communication skills required. Able to stand/walk/sit for extended period
> of time. Able to work a flexible schedule based on business needs. Must
> be able to lift 20 pounds repeatedly without difficult [sic]."

(b)    In addition to the objections already stated, Delaware Park specifically

objects to this interrogatory to the extent the information requested is within Plaintiff's

knowledge, and on the grounds that it is unintelligible and incapable of response. Subject to and

without waiving the foregoing objections, and assuming that "mandatory seminars" means

Company-provided training or seminars, Delaware Park states that Plaintiff attended orientation

and training on various company policies, including training on the following topics: computer

policies, responsible gambling policy, office equipment policy, e-mail policy, ergonomics,

alcohol and drug free workplace policy, the employee handbook, benefit summary, schedule

policies, and Delaware Park policy guidelines on conflicts of interest and ethical business

conduct. Plaintiff's supervisors and members of the Human Resources Department, including

Micki Nardo and Nancy Myshko, were at some point aware that Plaintiff was pursuing CIA

Certification, but any seminars or activities related to such certification were not "mandatory" or

required by the Company.

By way of further response, Delaware Park states that it denied Plaintiff's request

to be reimbursed for CIA certification expenses because of the short period of time that Plaintiff

had been actively employed by the Company, the department's budgetary requirements in regard

to authorization, review and documentation, and the short period of time provided to Delaware

Park to consider the request. Further, Delaware Park did not approve Plaintiff's request for

reimbursement of the cost of lodging for the CIA certification examination because Delaware

Park had already made the decision not to reimburse any CIA certification expenses for Plaintiff, and the examination in any event was taking place nearby in Pennsylvania, which is not a distance that mandates overnight lodging.

        (c)     Plaintiff's salary did not increase while she was employed by Delaware Park because she was never eligible for a salary increase, which requires at least one year of employment. Plaintiff consistently made the equivalent of $16.35/hour for the entire period of her employment. The only change to Plaintiff's payroll status during her employment with Delaware Park was a change from full-time salaried status to hourly status during the period that Plaintiff could work only part-time due to medical restrictions.

**Interrogatory No. 10:**     Identify any conversations, in person or via e-mail communication, or any other communication, that you participated in with or concerning the Plaintiff. For each conversation identify:

        (a)     The names and address of all persons who were present when each statement was made;

        (b)     The names and addresses of each person you intend to call as a witness and provide a summary of the witnesses' proposed testimony;

        (c)     [deleted]

**RESPONSE:**

        Delaware Park objects to this interrogatory on the grounds that it is vague and ambiguous as to whom it is addressed, unintelligible, overly broad, unduly burdensome, and to the extent it is not reasonably calculated to lead to the discovery of admissible evidence. The request is without limitation as to time or subject matter, and could go to any conversation or communication between any Delaware Park employees. Delaware Park further objects to

providing the addresses requested, which request is unduly burdensome; the individuals concerned may be contacted care of Delaware Park and/or through Delaware Park's counsel. In an effort to be responsive, and without waiving its objections, Delaware Park agrees to respond in regard to communications by and between Plaintiff's supervisors, Delaware Park's management, and other personnel regarding subjects relevant to the allegations in the complaint.

(a)     Subject to and without waiving the foregoing objections, Delaware Park incorporates and restates its objections and response to Interrogatory No. 7. In addition to those individuals identified in response to Interrogatory No. 7, Joseph Rudisill, Ray Spera, and Bill Fasy were periodically advised by representatives of Delaware Park's Human Resources Department of its investigation into various of Plaintiff's complaints. It is overly burdensome for Delaware Park to further reconstruct all such communications related to Plaintiff, especially when Plaintiff was advised contemporaneously of many of the communications.

To the extent these communications were documented, and in lieu of further response, Delaware Park agrees to produce responsive and non-privileged, non-confidential documents at a date mutually convenient to the parties.

(b)     Delaware Park further objects to this interrogatory on the grounds that it seeks information subject to the attorney-client privilege, work product doctrine, and/or other applicable privileges or immunities. By way of further response, and without waiving its objections, Delaware Park has not yet determined whom it may call as a witness in this matter. Delaware Park will supplement this response, to the extent it is required to do so pursuant to the Federal Rules of Evidence or the Federal Rules of Civil Procedure, if and when it makes such a determination.

**Interrogatory No. 11:**        Identify all projects assigned to Ashley T. Adams.  For each project identify:  (a) The date on which she was assigned; (b) the date on which the project was terminated; (c) the job responsibilities of the project that were assigned to Ashley T. Adams.

**RESPONSE:**

Delaware Park objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, within Plaintiff's knowledge, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, Delaware Park states that it is without information sufficient to answer this interrogatory, as the requested information is not kept in Delaware Park's records in the normal course of business.

**Interrogatory No. 12:**        Do you claim that any admissions were made concerning the liability in connection with the alleged subject matter of this complaint?  If so, state the following:

> (a)    The names and addresses of person making admission;

> (b)    The date, time and place where each such admission was made;

> (c)    The name and address of all parties present at the time each admission was made;

> (d)    Provide an exact description of what was said by each person claimed to have made an admission.

**RESPONSE:**

Delaware Park does not claim that any admissions were made concerning liability in connection with the alleged subject matter of this complaint.

**Interrogatory No. 14:**        State the name and address of each expert witness expected to testify at trial.  For each expert witness:

(a)     State the subject matter upon which each of the proposed expert witnesses is expected to testify;

(b)     State the substance of the facts and opinions to which the expert is expected to testify;

(c)     [deleted];

(d)     Provide a summary of the qualifications of each expert witness;

(e)     [deleted].

**RESPONSE:**

Delaware Park objects to this interrogatory to the extent that this interrogatory seeks information beyond the information required to be disclosed under the Rules of Civil Procedure 26(a)(2)(B) or this Court's Order of September 13, 2005. Delaware Park further objects to this interrogatory to the extent it seeks information protected by the attorney-client privilege or the work product doctrine. By way of further response, and without waiving its objections, Delaware Park states that it has not yet determined whom, if anyone, it will call as an expert witness at trial in this matter. Delaware Park will supplement this response, to the extent it is required to do so pursuant to the Federal Rules of Evidence or the Federal Rules of Civil Procedure, if and when it retains such expert(s).

**Interrogatory No. 17:**     During the past ten years, has any EEOC or Civil Rights claim or suit been filed against the defendants, alleging discrimination in the terms and conditions of employment on the basis of race, sex or age, or hostile working environment? If the answer is yes, state with reference to each claim filed against the Defendants:

(a)     the name, address, sex, age, and race of the person who filed the claim;

(b)     the employment history with the Defendant of the person who filed the claim, including job titles and dates;

(c)     the date the claim was filed;

11

(d)      a summary of the claim files;

(e)      a description of all action taken by the Defendant as a result of the filed

claim.

**RESPONSE:**

Delaware Park objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence,

and to the extent it seeks information that is within Plaintiff's knowledge.  Subject to and without

waiving the foregoing objections, Delaware Park  will respond to this interrogatory in regard to

any claims or suits involving allegations that Plaintiff's supervisors, James Mullen and/or

Lawrence Anderson, engaged in discriminatory conduct.  Delaware Park states that no such

claims or suits have been filed against Delaware Park, other than the claim/suit filed by Plaintiff

and of which Plaintiff has full knowledge.

**Interrogatory No. 18:**      Has any internal grievance been filed within the last ten (10) years
against the Defendant alleging age, sex, or race discrimination, or hostile working environment?
If the answer is yes, state with reference to each claim filed against the Defendant:

(a)      the name, address, sex, race, and age of the person who filed the claim;

(b)      the employment history with the Defendant of the person who filed the
claim, including job titles and dates;

(c)      the date the claim was filed;

(d)      a summary of the claim filed;

(e)      description of all action taken by the Defendants as a result of the filed

claim.

**RESPONSE:**

Delaware Park objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is within Plaintiff's knowledge. Subject to and without waiving the foregoing objections, Delaware Park will respond to this interrogatory in regard to any internal grievances or complaints involving allegations that Plaintiff's supervisors, James Mullen and/or Lawrence Anderson, engaged in discriminatory conduct. Delaware Park states that no such grievances or complaints were filed or made known to Delaware Park, other than the complaint made by Plaintiff and of which Plaintiff has full knowledge.

**Interrogatory No. 19:**    Identify the individual who drafted the Employee Performance Review and Evaluation for the Plaintiff dated August 2002. During the Performance period, were any changes made to the original Employee Performance Review and Evaluation; if so, state why.

**RESPONSE:**

The comments and numerical scores on Plaintiff's Introductory Review were drafted by James Mullen, and additional comments were drafted by Lawrence Anderson. Before the Introductory Review was finalized, Plaintiff was involved in a verbal altercation with her co-worker, Sherri Griffin. Just after Plaintiff's Introductory Review was scored by Strategic Planning but before the Introductory Review was finalized and presented to Plaintiff, Plaintiff's Introductory Review was altered to take this altercation into account. Specifically, under the category "Associate Relations/Cooperation" it was noted that a confrontation was recorded between Plaintiff and a co-worker, and Plaintiff's score on this category was reduced one level. This altercation was similarly taken into account in Ms. Griffin's annual performance evaluation, which was prepared at or about the same time.

13

**Interrogatory No. 22:**        On December 3, 2002, Lawrence Anderson, Director of Audit Services was required to make a statement to the allegations concerning Plaintiff in a Department of Labor, EEOC investigation initiated by Plaintiff. Two days later, Plaintiff was terminated in her position at Delaware Park, by Larry Anderson. Describe the correlation between the time of the Statement made by Lawrence Anderson and the termination of Plaintiff's employment.

**RESPONSE:**

        Delaware Park objects to this interrogatory to the extent it is based upon "facts" that are incorrect. Subject to and without waiving the foregoing objections, Delaware Park states that there was no correlation between Anderson's statement to the Delaware Department of Labor and the termination of Plaintiff's employment. Delaware Park further notes that Plaintiff was not terminated from employment until December 19, 2002.

**Interrogatory No. 23:**        If not for retaliation against Plaintiff, why after the conclusion of the investigation, would Lawrence Anderson decide it was time to directly address the Plaintiff's work schedule.

**RESPONSE:**

        Delaware Park objects to this interrogatory on the grounds that it is vague and ambiguous concerning the investigation to which Plaintiff is referring and to the extent it is based upon "facts" that are mistaken. Subject to and without waiving its objections, Delaware Park states that none of its actions taken with respect Plaintiff were retaliatory, and further states as follows: Prior to Plaintiff's complaint of sexual harassment, Mr. Anderson was particularly concerned that the Audit Services Department be adequately staffed as it entered the fourth quarter, which is a particularly busy time for the department. For the department to meet its deadlines, it was important that Ms. Adams be at work full-time, and fully trained, as the department entered the

fourth quarter. Therefore, Mr. Anderson had urged Mr. Mullen to obtain information from Ms.

Adams about when she would be able to return to her full-time schedule.

In the course of Delaware Park's investigation of Plaintiff's complaint of sexual

harassment against Mr. Mullen, Mr. Anderson accompanied Mr. Mullen to his interview with

Micki Nardo. During that interview it became clear to Mr. Anderson that much of the behavior

Plaintiff was complaining about was aimed at getting Ms. Adams to return to work full-time or

to obtain information related to her return, and was not the result of improper intent or

discrimination. After the conclusion of the investigation, Mr. Anderson decided that it was past

time to directly address the issue of Ms. Adam's work schedule, as her continued absence was

placing an undue burden on the department.

**Interrogatory No. 24:**       Mr. Lawrence Anderson refers to the Audit Services department
fourth quarter being the busiest time of the year for the Auditors. Upon completion of the
scheduled audits, Plaintiff was terminated in December 2002. Explain the timeliness that
conveniently utilized the Plaintiff's service in performing audits necessary in the fourth quarter,
but no need to continue Plaintiff's employment after the fourth quarter.

**RESPONSE:**

                Delaware Park objects to this interrogatory on the grounds that it is vague and

ambiguous, and unintelligible. Subject to and without waiving its objections, and construing the

interrogatory to request the reason for Plaintiff's termination from employment, Delaware Park

states Plaintiff's employment was terminated for violation of company policy, insubordination,

threatening statements to Mr. Anderson, and personality conflicts with others.

**Interrogatory No. 25:**       Identify all persons who you or your attorney have contacted, or
from whom you or your attorney have either obtained or requested a statement, regarding the
allegations of the complaint of Ashley T. Adams in this action by stating their name, address, last
known work and home telephone numbers, their sex and race.

**RESPONSE:**

Delaware Park objects to this interrogatory on the grounds that it seeks

information that is protected by the attorney client privilege and/or work product doctrine.


**Interrogatory No. 27:**     State your defenses to this lawsuit and all facts that support or may
tend to support each of the defenses.

**RESPONSE:**

Delaware Park asserted seven defenses in its Answer to the Complaint, the basis

of which is as follows:

First defense, that the Complaint fails to state a claim upon which relief may be granted:

Plaintiff's complaint states that she is filing her lawsuit under Title VII of the Civil Rights Act of

1964, but also asserts a claim under the American's With Disabilities Act. In this regard, and in

regard to Plaintiff's allegations that she was terminated from employment and/or not promoted,

Plaintiff failed to exhaust her administrative remedies by filing a Charge(s) of Discrimination

based on these claims, and to that extent her claims are barred. In addition, Plaintiff's allegations

regarding a harassment and/or hostile work environment fail to describe a valid claim, and she

never applied for, expressed an interest in, or was eligible for any other position within the

Company that would have constituted a "promotion."

Second defense, that Plaintiff is not entitled to an award of damages or other legal or equitable

relief under the facts and circumstances of this case: Plaintiff's claims are without factual and/or

legal merit, and she therefore is not entitled to any relief. In addition to those circumstances

described above, the conduct of James Mullen of which Plaintiff complained did not arise to the

level of harassment as a matter of law, and was not the result of discriminatory animus. None of

16

Delaware Park's actions were taken in retaliation for Plaintiff's complaint of harassment. Rather its actions were based on legitimate business concerns and was consistent with its business practice and treatment of other employees. Delaware Park's requirement that Plaintiff return to work fulltime and other events of which Plaintiff complains were not "adverse action" so as to support her claims. Plaintiff did not suffer from a disability within the meaning of the ADA, was not regarded as suffering from such a disability, and did not have a history of such a disability.

Third defense, that some or all of the monetary claims asserted in the Complaint are barred by virtue of Plaintiff's failure to mitigate her alleged damages, if any. Delaware Park's investigation into Plaintiff's efforts to mitigate her alleged damages is continuing, and it reserves the right to supplement this response as such information is discovered.

Fourth defense, that Defendants' conduct towards and treatment of Plaintiff was at all times based upon reasonable, legitimate, non-discriminatory, and non-retaliatory factors: In addition to the circumstances described above, Delaware Park's requirement that Plaintiff return to work fulltime was based on the work load in and needs of the Audit Services Department. Plaintiff was disciplined for misconduct and was otherwise treated in accordance with Company policy and its treatment of other, similarly situated employees. Non-discriminatory and non-retaliatory factors considered by Delaware Park in regard to its various actions included, but were not limited to, Plaintiff's absenteeism, excessive breaks, inability to communicate effectively, insubordination, poor work attitude, personality conflicts with other employees, disruptive behavior, and threatening statements to her supervisor.

Fifth defense, that at the time of any and all alleged harassment, Defendant had in place an effective policy and took reasonable care to prevent and correct harassment, discrimination and

17

retaliation, and Plaintiff unreasonably failed to take advantage of such corrective or preventive measures by Defendant:  While employed by Delaware Park, Plaintiff never complained of certain alleged acts of sexual harassment that she included in her Charge of Discrimination filed with the DDOL and EEOC and/or in the Complaint filed in the District Court for the District of Delaware.  Plaintiff's failure to report such alleged events to Delaware Park, which had in place an effective policy against harassment and discrimination which was known to Plaintiff, provides Delaware Park with an affirmative defense to any claims predicated on these alleged events.

Sixth defense, that some or all of Plaintiff's claims are barred by her failure to exhaust administrative remedies:  Plaintiff failed to file Charges of Discrimination, and thus to exhaust her administrative remedies, in regard to her claim that Delaware Park discriminated against her on the basis of a disability, her claim that Delaware Park retaliated and/or discriminated against her when it terminated her employment, and her claim that Delaware Park retaliated and/or discriminated against her by failing to promote her.

Seventh defense, that some or all of Plaintiff's claims are barred by the applicable statute of limitations.  To the extent Plaintiff failed to file Charges of Discrimination in regard to certain of her claims, those claims are barred by the applicable statutes of limitations.

        Delaware Park reserves the right to supplement this response, from time to time, as the facts of this case are developed further.

POTTER ANDERSON & CORROON LLP

By: _Suzanne M. Hill_

    Wendy K. Voss (No. 3142)
    Suzanne M. Hill (No. 4414)
    Hercules Plaza – Sixth Floor
    1313 North Market Street
    Wilmington, DE 19801
    (302) 984-6000 (Telephone)
    (302) 658-1192 (Facsimile)
    wvoss@potteranderson.com (Email)
    shill@potteranderson.com (Email)

*Attorneys for Defendant, Delaware Park LLC*

Dated: October 19, 2005

PA&C-700452v1

## CERTIFICATE OF SERVICE

I, Suzanne M. Hill certify this 19th day of October, 2005, I caused the foregoing **DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** to be electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and two (2) true and correct copies were served on the Plaintiff *pro se* as follows:

### FIRST CLASS U.S. MAIL POSTAGE PREPAID
Ashley T. Adams, *pro se*
716 North Barrett Lane
Christiana, DE 19702


Suzanne M. Hill (#4414)